**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
*Western Division*
*Office of the Clerk*

| | |
|---|---|
| *Wendy R. Oliver, Clerk* | *Deputy-in-Charge* |
| *242 Federal Building* | *U.S. Courthouse, Room 262* |
| *167 N. Main Street* | *111 South Highland Avenue* |
| *Memphis, Tennessee 38103* | *Jackson, Tennessee 38301* |
| *(901) 495-1200* | *(731) 421-9200* |

---

**NOTICE OF SETTING**
**Before Judge Annie T. Christoff, United States Magistrate Judge**

---

June 2, 2025

RE:   2:24-cv-02136-MSN-atc
        *Price v. Memphis Police Department et al.*

Dear Sir/Madam:

A Scheduling Conference pursuant to Rule 16(b) of the Federal Rules of Civil Procedure has been set for **THURSDAY, JULY 10, 2025, at 3:00 PM** before Magistrate Judge Annie T. Christoff via Microsoft Teams video conference.

The parties should be prepared to discuss all pending motions.

**The parties must jointly file their Rule 26(f) Report on the case docket AND email their joint proposed scheduling order in Word format by <u>July 3, 2025</u>.**

\*The Court will send an invitation for the conference to each party via email. Parties shall consult the Microsoft Teams webpage (https://support.microsoft.com/en-us/teams) for instructions on using Microsoft Teams.

**<u>PLEASE REVIEW THE ATTACHED INSTRUCTIONS</u>.**

If you have any questions, please contact the case manager at the telephone number or email address provided below.

        Sincerely,
        WENDY R. OLIVER, CLERK
          BY:  *s/Vallonda Pettway*
          Courtroom Deputy to Judge Annie T. Christoff
          901-495-1254
          vallonda_pettway@tnwd.uscourts.gov

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

## CASE MANAGEMENT INSTRUCTIONS – STANDARD CIVIL CASES

Federal Rule of Civil Procedure 26 and Local Rule 16 shall guide the conduct of the parties in their preparation of the case.

I. <u>SCHEDULING CONFERENCE</u>

A Rule 16 Scheduling Conference will be conducted by the Court as soon as possible, but no later than ninety days after any defendant has been served with the complaint or sixty days after any defendant has appeared, whichever is earlier.

II. <u>ATTENDANCE REQUIRED</u>

The attendance of counsel with significant knowledge of the case and all unrepresented parties is required at the scheduling conference. Counsel and unrepresented parties must be prepared to address any pending motions as well as motions which may be raised orally at the conference. Counsel and unrepresented parties must also be prepared to discuss the case in depth and make binding decisions regarding how the case will proceed. The scheduling conference shall take place before Magistrate Judge Christoff via Microsoft Teams. The Court will send each attorney and unrepresented party, via email, an invitation for the conference.

III. <u>BEFORE THE SCHEDULING CONFERENCE:  MEET AND CONFER</u>

Pursuant to Federal Rule of Civil Procedure 26(f), the parties *shall* meet for discussion and the preparation of a proposed discovery plan that outlines the discovery you need in this case. The parties shall file on the docket a written report outlining the proposed discovery plan. They shall also submit a proposed scheduling order (in Word format) using the format of Exhibit "A" to ECF_Judge_Christoff@tnwd.uscourts.gov at least **two (2) days** before the scheduling conference. **<u>Please propose appropriate deadlines for the specific case at issue</u>, rather than simply default to the approximated schedule from the form order attached.**

IV. <u>SUBJECTS TO BE DISCUSSED AT SCHEDULING CONFERENCE</u>

Generally, at the scheduling conference, the following subjects will be addressed:

The status of the case, the general nature of the claims and defenses, issues in the case, and potential use of experts;

Jurisdictional and statute-of-limitations issues (if motions have not already been filed, the Court should be advised at the scheduling conference that there are preliminary matters that require early disposition);[1]

Whether the parties consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

Setting of deadlines in the case (see Exhibit "A"), as well as potential trial dates and other appropriate deadlines;

The possibility of settlement, your position regarding settlement, your proposed deadline to engage in alternative dispute resolution, and whether you have reached an agreement on the selection of a mediator;

Status of all document discovery (parties are encouraged to promptly exchange core document information and, where necessary, to promptly issue requests for production of documents and subpoenas *duces tecum* to third parties);

Any anticipated discovery problems (e.g., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays that may be occasioned because of an individual's physical or mental condition, etc.);

Estimated trial time, and any special issues anticipated in connection with trial; and

Any pending motions or motions which may be raised orally at the conference.

V.    ORDER TO BE ENTERED

The Court will enter an order following the scheduling conference based on the proposed order submitted by the parties and the discussion at the conference. The dates adopted will meet the needs of the specific case at issue, even if the dates provide for a shorter schedule for the matter. Magistrate Judge Christoff's scheduling order will set most case deadlines, but the dates of the joint proposed pretrial order, the pretrial conference, and trial will be set by the District Judge.

VI.   SANCTIONS FOR FAILURE TO APPEAR

Failure to appear at the scheduling conference, or to comply with the directions of the Court set forth herein, may result in an *ex parte* hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorneys' fees and expenses of opposing counsel, without further notice to the party who fails to appear.

---

[1] Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) scheduling conference.

EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

**Plaintiff,**            )
                          )
**v.**                    )            No. _____
                          )
**Defendant.**            )

## MODEL SCHEDULING ORDER FOR STANDARD TRACK CASES

Pursuant to written notice and Local Rule 16.2, a scheduling conference was held on

_____. Present were _____, counsel for Plaintiff, and _____, counsel

for Defendant. Prior to the scheduling conference, on [insert date], the parties met and conferred in

compliance with Federal Rule of Civil Procedure 26(f). At the conference, the following dates were

established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: _____
(should be made before the Rule 16(b) conference, or as soon as possible thereafter)

**MOTIONS TO JOIN PARTIES**: _____
(within 2 months after conference)

**MOTIONS TO AMEND PLEADINGS**: _____
(within 2 months after conference)

**MOTIONS TO DISMISS**: _____
(within 3 months after conference)

**ALTERNATIVE DISPUTE RESOLUTION:**

   **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a)**: _____
      (within 12 weeks after the scheduling conference)

      Mediator must file Mediation Certification Form:
      https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b)**    **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**[2]:

    **MEDIATOR'S NAME**: _____
                        (insert name of mediator)

    **STIPULATION FILING DATE**: _____
    (if no mediator has been selected by the parties, within 1 week of scheduling conference)

    (If the parties fail to agree upon a Mediator by this deadline, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY**: _____
(within 6 to 8 months after conference)

    **(a)**    **WRITTEN DISCOVERY AND DOCUMENT PRODUCTION**: _____
(same as discovery deadline or at intervals during the discovery period)

    **(b)**    **DEPOSITIONS**: _____
(same as discovery deadline or at intervals during the discovery period)

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    **(a)**    **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION**: _____
        (2 months before close of discovery)

    **(b)**    **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION**: _____
        (1 month before close of discovery)

    **(c)**    **EXPERT WITNESS DEPOSITIONS**: _____
        (by discovery deadline)

**SUPPLEMENTATION UNDER RULE 26(e)(1):** _____
(by discovery deadline)

**MOTIONS TO EXCLUDE EXPERTS/*DAUBERT* MOTIONS:** _____
(within 1 month after close of discovery)

---

[2] If Plaintiff is *pro se* and proceeding IFP, the mediator must be selected from the Court's Mediation Panel. *Pro Se* IFP Mediation Plan 6.

**FILING DISPOSITIVE MOTIONS**: _____
(within 1 month after close of discovery)

**The parties [do] / [do not] consent to trial before the Magistrate Judge.**

**OTHER RELEVANT MATTERS**:

      As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and [have agreed that e-discovery is not appropriate in this case and therefore they will not seek e-discovery] / [have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the Court's approval] / [have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan].

      **Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Federal Rules of Civil Procedure 12, 56, 59, and 60).**

      [Pursuant to the agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.]

      No depositions may be scheduled to occur after the discovery deadline.  All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

      Motions to compel discovery are to be filed and served within forty-five days of the default or service of the response, answer, or objection that is the subject of the motion.  However, if such default or service occurs within thirty days before the discovery deadline, the motion to compel must be filed within thirty days after such default or service.

      This case is set for a [jury] / [non-jury] trial.  The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order.  The parties anticipate the trial will last approximately [insert number] days.

      The parties are ordered to engage in ADR by the ADR deadline.  Pursuant to Local Rule 16.3(d) and ADR Plan Rule 5.11(b), within seven days of the mediator's submission of "Mediation Certification" and within fourteen days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Federal Rule of Civil Procedure 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

The opposing party must file a response to any opposed motion.  Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Federal Rule of Civil Procedure 12(b) or 56, without leave of the Court.  Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within seven days of service of the response, setting forth the reasons a reply is required.

**This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.**

SO ORDERED this _____ day of _____, 2025.

_____
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE