IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| BRANDON PRICE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-02136-BCL-atc |
| ) | |
| CITY OF MEMPHIS, MEMPHIS POLICE ) | |
| DEPARTMENT, OFFICER C. PITTMAN, ) | |
| OFFICER C. YANCEY, OFFICER ) | |
| MCFADDEN, OFFICER MITCHELL, and ) | |
| OFFICER MCNEAL, ) | |
| ) | |
|     Defendants. ) | |

---

**REPORT AND RECOMMENDATION AND
ORDER ON PENDING MOTIONS**

---

Before the Court by order of reference[1] are several pending matters:

- Plaintiff Brandon Price's two Motions to Compel Discovery, filed on October 8, 2025, and February 13, 2026. (ECF No. 76, 98.) Defendant City of Memphis (the "City") filed Responses to the Motions on October 23, 2025, and February 27, 2026. (ECF No. 81, 104.)

- Price's Motion to Amend Complaint, filed on February 18, 2026. (ECF No. 100.) The City filed a Response on March 4, 2025. (ECF No. 106.)

- Price's Motion for Sanctions, filed on March 31, 2026. (ECF No. 113.) The City filed a Response on April 14, 2026. (ECF No. 117.)

- The City's Motion for Extension of Time to Complete Discovery, filed on April 10, 2026. (ECF No. 115.) Price file a Response on April 16, 2026. (ECF No. 118.)

- Price's Notice to the Court on the Matter of Expenses, filed on February 6, 2026. (ECF No. 97.) The City filed a Response on February 20, 2026. (ECF No. 103.)

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

For the reasons explained below, the Court recommends that Price's Motion to Amend be denied, denies Price's two Motions to Compel and Motion for Sanctions, grants the City's Motion for Extension, and awards Price $153.05 in expenses.

## REPORT AND RECOMMENDATION

### I.      Procedural History

On January 27, 2026, the Court entered its Report and Recommendation and Order on Pending Motions.  (ECF No. 92.)  As part of the Report and Recommendation, the Court recommended that Price's Motion to Amend/Correct Amended Complaint, filed July 8, 2025, be denied as futile.  (*Id.* at 4–5.)  Subsequently, and seemingly in lieu of filing objections to the Report and Recommendation, Price filed a Motion for Clarification and Motion for Leave to Amend Complaint on February 18, 2026.  (ECF No. 100.)  That Motion sought clarification of the Report and Recommendation and seemingly seeks to file yet another amended complaint.

In the Motion for Clarification, Price brought to the Court's attention that her prior proposed Amended Complaint (ECF No. 50-1) did not solely seek to add Officer Hamilton as a defendant but also included additional factual allegations and statements in support of her existing claims.  (ECF No. 100, at 1.)  Based on the Court's further review of that proposed Amended Complaint, Price also sought to modify some of her requested relief.  (*Contrast* ECF 35, at 25–27, *with* ECF No. 50-1, at 33–34.)  Accordingly, the Court clarified that Price's prior Motion to Amend was granted as to the additional factual allegations and modified relief proposed in ECF No. 50-1 but maintained the recommendation to disallow the addition of Officer Hamilton as a defendant.  (ECF No. 102, at 3.)  District Judge Brian C. Lea subsequently adopted the Report and Recommendation subject to the amendment outlined in the Order Providing Clarification on Report and Recommendation.  (ECF No. 112.)  After Judge Lea

2

adopted the Report and Recommendation, the Amended Complaint at ECF No. 50-1 became the

operative Complaint in this matter.  Price's Motion to Amend filed at ECF No. 100, however,

remains pending.

## II.        Proposed Conclusions of Law

Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff is entitled to amend his

complaint without leave of court or the opposing party's written consent within twenty-one days

after serving it, or within twenty-one days after a responsive pleading has been served.

Otherwise, a plaintiff must either obtain the opposing party's written consent or seek leave to

amend his complaint.  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce a scheduling order's deadline

passes, a plaintiff must show good cause under Rule 16(b) for failure to seek leave to amend

before a court will consider whether the amendment is proper under Rule 15(a)." *E.E.O.C. v. U-*

*Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (quoting *Leary v. Daeschner*, 349 F.3d

888, 909 (6th Cir. 2003)) (internal quotation marks omitted).  Rule 16(b) provides that a

scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R.

Civ. P. 16(b)(4).  "A modification of the scheduling order by leave of court is appropriate only

when a relevant deadline 'cannot reasonably be met despite the diligence of the party seeking the

extension.'" *E.E.O.C.*, 286 F.R.D. at 325 (quoting *Leary*, 349 F.3d at 906).

"Only if the plaintiff establishes 'good cause' does the Court proceed to the more

permissive Rule 15(a)(2) analysis." *Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 693

(W.D. Tenn. 2016) (citing *Commerce Benefits Grp. v. McKesson Corp.*, 326 F. App'x 369, 376

(6th Cir. 2009)).  "[U]nder the deferential standard of Federal Rule of Civil Procedure 15, . . . the

Court 'should freely give leave when justice so requires.'" *Id.* at 692 (quoting Fed. R. Civ. P.

15(a)(2)).  However, denial of a motion to amend "is appropriate where there is 'undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Joy v. Burchyett*, No. 1:21-cv-01190-STA-jay, 2022 WL 16787846, at *2 (W.D. Tenn. Nov. 8, 2022) (quoting *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005)).

It is unclear whether Price intended the Motion to Amend (ECF No. 100) to stand independently of her prior Motion to Amend (ECF No. 50), or if she merely intended to refile her prior Motion. To the extent she intended to refile her Motion to Amend, the Motion should be denied as moot. Her prior Motion to Amend was granted in part as to the additional factual allegations and modified relief in the Amended Complaint (ECF No. 50-1), which is now the operative Complaint in this matter. The proposed Amended Complaint at ECF No. 100-1, however, contains differences from the Amended Complaint at ECF No. 50-1. For example, the proposed Amended Complaint removes the individual officers' names from the first paragraph. (*Contrast* ECF No. 50-1, at 2, *with* ECF No. 100-1, at 2.) Further, the proposed Amended Complaint adds a sentence that states, "Such actions include but are not limited [to] allowing a culture of covering up the unlawful and unreported use of a neck hold by the agents of the Defendant." (ECF No. 100-1, at 3.) Price has failed, however, to establish good cause to allow the amendment outside the Scheduling Order's September 4, 2025 deadline. Even if Price did establish good cause, she has filed three Amended Complaints in this matter to date, and she has failed to remedy any deficiencies in the prior Amended Complaints. It is therefore recommended that the instant Motion to Amend (ECF No. 100) be denied.

### III.    Recommendation

For the reasons set forth above, it is recommended that Price's Motion to Amend (ECF No. 100) be denied.

## ORDER ON PENDING MOTIONS

### I.    Motions to Compel

Price's first Motion to Compel concerns the City's failure to timely serve complete responses to Price's discovery requests.  (ECF No. 76.)  In the Court's January 27, 2026 Report and Recommendation and Order on Pending Motions, Price was ordered to file a notice stating whether the Motion is now moot following the City's October 30, 2025 Notice of Service indicating that it served its discovery responses on Price.  (ECF No. 92, at 11.)  Price's Notice states that the City's discovery responses only mooted her Motion in part, as some of the City's responses are deficient.  (ECF No. 93.)  Specifically, she states that in response to the first Interrogatory, the City produced "the police policy on lethal force but did not answer" the Interrogatory directly.  (ECF No. 93, at 2.)  Price also asserts that, in response to the second and seventh Requests for Production, the City did not produce documents "pertaining to Tennessee DIDD or any form of video presentations for Law-enforcement training," and only produced "what was on their police local manual."  (*Id.* at 4.)

Subsequently, on February 13, 2026, Price filed a second Motion to Compel seeking to compel the City to produce "[d]ocuments that include but are not limited to slide shows, videos of training instructors, videos of and for training related to police policies and de-escalation." (ECF No. 98, at 3.)  Price also seeks "[t]he source of any document[] that has been reviewed and/or was presented to the public by the Department of Justice within their report on the patte[r]n and/or practice of the Memphis Police and the city of Memphis."  (*Id.*)  The City's

Response represents that the City has produced what it believes to be "the specific training statement referenced by Plaintiff" and supplemented its production "with documents including power point presentations and videos utilized in de-escalation training." (ECF No 111, at 1.) Because it appears that the City has served the information requested in both Motions,[2] Price's two Motions to Compel are DENIED without prejudice as moot.

## II.      Motion for Sanctions

In Price's third Motion for Sanctions in this matter to date, she again requests sanctions against the City "due to their failure to comply with discovery rules and court orders." (ECF No. 113, at 2.) Her Motion details her conversations with counsel for the City regarding training materials that Price avers the City failed to produce in response to her June 30, 2025 discovery requests. (*Id.* at 3.) Price states that she did not receive the information until March 2026—9 months after she initially served her discovery requests. (*Id.*) The City responds that it "has continued to supplement discovery upon further discussion with Plaintiff and diligently sought out documents while continuing its objections." (ECF No. 117, at 3.) Further, the City states that Price's "own vague, unduly burdensome requests have created a situation in which

---

[2] Price elsewhere represents that she only received "partial of what was requested" in the City's supplemental production (ECF No. 113, at 2), but the Court cannot decipher what Price believes is being withheld. She seems to indicate both that she received the information she was seeking, and that the City is withholding information to which Price believes she is entitled. The City believes it has satisfied its discovery obligations (ECF No. 117), and the Court agrees. Federal Rule of Civil Procedure 26(g) only requires an attorney "to certify that to the best of the attorney's 'knowledge, information, and belief formed after a *reasonable inquiry*,' the responses were complete, correct at the time made, consistent with the law, and nonfrivolous." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 208 (E.D. Mich. 2018) (citing Fed. R. Civ. P. 26(g)) (emphasis added). The City appears to have complied with Rule 26(g) and conducted a reasonable inquiry, as evidenced by its supplemental document production and conversations with Price.

Defendant has had to continually refine its records search to attempt to pinpoint information whose relevance is questionable." (*Id.* at 3–4.)

Federal Rule of Civil Procedure 37 sets forth two frameworks for the imposition of sanctions due to discovery-related conduct. *Clark Const. Grp. v. City of Memphis*, 229 F.R.D. 131, 137 (W.D. Tenn. 2005). First, pursuant to Rule 37(a)–(b), "a party may move for an order to compel discovery." *Id.* "If that motion is granted and a party refuses or fails to comply with the Court's Order, the Court may issue a wide range of sanctions under Rule 37(b), including dismissal of the lawsuit." *Id.* Second, Rule 37(d) covers the less frequent scenario in which the court may impose sanctions even in the absence of a prior order. *Id.*

Because the Court had not entered an order compelling discovery at the time Price filed her Motion, Rule 37(d) provides the proper framework for evaluating Price's request for sanctions. The record reflects that the City has remained in communication with Price and seemingly worked to resolve any disputes. The City has also supplemented its responses and conducted good faith searches to locate and identify documents requested by Price. Price's own Motion states that she has since received additional training materials, though she is displeased with the timing of the production and asserts, without explanation, that it was incomplete. Price further posits, with no support, that the City "is withholding information from their own attorney" and that the City "has been acting out of bad faith for at least the past 9 months." (ECF No. 113, at 4.) Such facts do not establish a sufficient basis for issuing sanctions. The City appears to have been acting in good faith in its attempt to satisfy its discovery obligation, and Price has not demonstrated that sanctions are warranted. Accordingly, Price's Motion for Sanctions is DENIED.

### III.    Motion for Extension

The City's Motion requests a thirty-day extension to complete depositions and of the remainder of the deadlines outlined in the Amended Scheduling Order.  (ECF No. 115, at 2.) Counsel for the City experienced a death in her family, "which has necessitated time away from work."  (*Id.* at 1.)  Price initially indicated that she would not oppose the Motion, but she later decided "she was no longer in agreement with an extension of time for depositions."  (*Id.*)  Price then filed a Response in Opposition, stating that though she is "sympathetic to the fact that Defendant's counsel has experienced a death in her family," she opposes an extension because she "has been asking to do deposition[s] for almost two months at this point and time."  (ECF No. 3, at 2–3.)

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause."  The City has met this standard,[3] and the Court finds that a modest extension of the deadlines in the Scheduling Order is appropriate under the circumstances.  The City's Motion is therefore GRANTED, and the parties are ORDERED to confer and submit a joint proposed Amended Scheduling Order to govern the unexpired deadlines in this matter by May 8, 2026.  The parties are cautioned that any further requests to modify the Scheduling Order will only be granted upon a showing of extraordinary good cause.

### IV.    Order Granting Expenses

In the Court's January 27th Order on Pending Motions, the Court determined that the City's repeated failure to adhere to applicable deadlines justified an award of sanctions.  (ECF

---

[3] Price's opposition to the Motion is noted, but the Court is unpersuaded.  The City's Motion is predicated on a death in counsel's family—circumstances that plainly constitute good cause. Price has twice sought and obtained extensions in this matter, both of which were unopposed by the City.  (ECF No. 90, 94.)  Nor did the City oppose Price's third extension request (ECF No. 105), though that request was subsequently denied (ECF No. 107).

No. 92, at 12.)  Price was therefore ordered to file a notice detailing any expenses she incurred due to the City's dilatory conduct, and the City was permitted to file a response.  (*Id.* at 11–12.) Price's Notice requests $143.03 for printing and copying, $219.50 in PACER fees, and $210.02 in gas and travel costs, though she attaches only one receipt for a gas charge totaling $10.02. (ECF No. 97, at 1–2; ECF No. 97-1, at 4.)  Price also "asks the court to bestow whatever form of reimbursement that would be fitting" to compensate her for her "mental anguish and turmoil." (*Id.* at 2.)  The City responds that "[t]here is nothing provided that ties the attached receipts with pleadings in this litigation or shows that the expenses were incurred as a result of Defendant's actions."  (ECF No. 103, at 1–2.)  As to Price's mental anguish and turmoil, the City asserts that "there are no receipts in relation to these concerns, therefore the Defendant is unable to address associated costs."  (*Id.*)

The City is correct that Price has offered nothing indicating that the costs she requests were "incurred due to the City's dilatory conduct," as opposed to costs she would have otherwise incurred in pursuing this litigation.  The Court will nonetheless award the printing/copying and gas costs Price has supported with receipts, for a total of $153.05.  The Court will not, however, award Price the $219.50 she has incurred in PACER fees.  Price is able to view newly filed documents on PACER once for free.  If she has incurred additional fees, it is likely because she is pulling the same docket entries multiple times, paying for each page each time she does so, rather than accessing them once for free and then printing or saving them.  She asserts that "[p]hysical copies of the docket become nebulous in the hands of the Plaintiff" due to her disability, such that she "simply cannot keep track" (ECF No. 97, at 1), but she has offered nothing to show that her inability to keep track of the filings in this case without paying for them on PACER is the result of the City's dilatory conduct.  Finally, Price is not entitled to additional

9

sanctions against the City for her emotional distress—the sanction awarded by the Court was for her expenses incurred, not other forms of damages. The Court therefore ORDERS the City to, on or before May 15, 2026, pay Price $153.05 for her expenses.

## CONCLUSION

For the reasons set forth above, it is RECOMMENDED that Price's Motion to Amend (ECF No. 100) be denied. Price's two Motions to Compel (ECF No. 76, 98) are DENIED without prejudice as moot. Price's Motion for Sanctions (ECF No. 113) is DENIED, and the City's Motion for Extension is GRANTED (ECF No. 115). The parties are ORDERED to confer and submit a joint proposed Amended Scheduling Order to govern the unexpired deadlines in this matter by May 8, 2026. Finally, the City is ORDERED to, on or before May 15, 2026, pay Price $153.05 for her expenses.

SO ORDERED this 24th day of April, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.

10